UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| TYRONE NOEL NUNN,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>ELY STATE PRISON, et al.,<br><br>　　　　Defendants. | Case No.: 2:24-cv-01091-GMN-NJK<br><br>**ORDER** |

On June 12, 2024, *pro se* plaintiff Tyrone Nunn, an inmate in the custody of the Nevada Department of Corrections, submitted numerous documents totaling 143 pages. Docket No. 1-1. Plaintiff's initiating documents do not constitute a complaint. Further, Plaintiff has neither paid the full $405 filing fee for this action nor applied to proceed *in forma pauperis*. *See* Docket No. 1. The Court will grant Plaintiff an extension of time to file a single, signed complaint that complies with the rules governing those pleadings, and to either pay the full filing fee or apply for *in forma pauperis* status.

**I.　DISCUSSION**

　**A.　Plaintiff must file a single, signed complaint.**

The Court advises Plaintiff of the following requirements in order to facilitate the filing of a single complaint that is properly formatted and signed. Generally, a complaint must contain "a short and plain statement of the claim showing that the [plaintiff] is entitled to relief" and "a demand for the relief sought, which may include relief in the alternative or different types of relief." Fed. R. Civ. P. 8. "Each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). "[E]ach claim founded on a separate transaction or occurrence . . . must be stated in a separate count." *Id*.

The function of the complaint is not to list every single fact relating to the plaintiff's claims. A basic lawsuit is a single claim against a single defendant. FRCP 18(a) allows a plaintiff to add multiple claims to the lawsuit when they are against the same defendant. FRCP 20(a)(2) allows a plaintiff to join multiple defendants to a lawsuit where the right to relief arises out of the same "transaction, occurrence, or series of transactions" and "any question of law or fact common to all defendants will arise in the action." Unrelated claims that involve different defendants, however, must be brought in separate lawsuits. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (holding that "[a] buckshot complaint that would be rejected if filed by a free person—say, a suit complaining that A defrauded the plaintiff, B defamed him, C punched him, D failed to pay a debt, and E infringed his copyright, all in different transactions—should be rejected if filed by a prisoner"). This rule is not only intended to avoid confusion that arises out of bloated lawsuits, but also to ensure that inmates pay the required filing fees for their lawsuits and prevent inmates from circumventing the three strikes rule under the Prison Litigation Reform Act. 28 U.S.C. § 1915(g).

Additionally, "[a] civil-rights complaint filed by a person who is not represented by an attorney must be submitted on the form provided by this Court or must be legible and contain substantially all the information called for by the Court's form." LSR 2-1. The complaint must be signed personally by the unrepresented party. Fed. R. Civ. P. 11(a). Further, "[p]laintiffs generally have 'no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant.'" *Adams v. Cal. Dept. of Health Servs.*, 487 F.3d 684, 688 (9th Cir. 2007), *overruled on other grounds by Taylor v. Sturgell*, 553 U.S. 880 (2008), (quoting *Walton v. Eaton Corp.*, 563 F.2d 66, 70 (3d Cir. 1977)). Duplicative litigation by a litigant who is proceeding under *in forma pauperis* status can be dismissed as malicious and thus constitute a strike under the Prison Litigation Reform Act, 28 U.S.C. § 1915. *See Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995).

It is not clear whether any of the documents Plaintiff filed are intended to constitute a complaint. Plaintiff's initial filing includes over 15 different documents, some with long and

confusing titles.  *See generally* Docket No. 1-1.  Although many of the documents include "Civil Rights Complaint" or "Complaint" in the title, each document concerns different issues and defendants.  No document contains substantially all the information required by the procedural rules governing the form and contents for filing a proper complaint.  Other documents appear to be certificates of service, motions, and evidence.  Further complicating matters, many of the pages are illegible.  The Court thus disregards Plaintiff's initial collection of documents.

If Plaintiff wants to proceed with this action, he must file a single, signed complaint that is legible, concerns matters that he is not pursuing in any other lawsuit, and brings only those claims and defendants that are sufficiently related to be brought in a single action.  The complaint must be on this Court's approved civil-rights form or contain substantially all the information called for by the form and it may not exceed 30 pages.  Plaintiff is cautioned that the Court may disregard any document that does not comply with these requirements.

**B.      Plaintiff must either pay the filing fee or apply for pauper status.**

The United States District Court for the District of Nevada must collect filing fees from parties initiating civil actions.  28 U.S.C. § 1914(a).  As of December 1, 2023, the fee for filing a civil-rights action is $405, which includes the $350 filing fee and the $55 administrative fee.  *See* 28 U.S.C. § 1914(b).  "Any person who is unable to prepay the fees in a civil case may apply to the court for leave to proceed *in forma pauperis*."  LSR 1-1.  For an inmate to apply for *in forma pauperis* status, the inmate must submit **all three** of the following documents to the Court: (1) a completed **Application to Proceed *in Forma Pauperis* for Inmate**, which is pages 1–3 of the Court's approved form, that is properly signed by the inmate twice on page 3; (2) a completed **Financial Certificate**, which is page 4 of the Court's approved form, that is properly signed by both the inmate and a prison or jail official; and (3) a copy of the **inmate's prison or jail trust fund account statement for the previous six-month period**.  *See* 28 U.S.C. § 1915(a)(1)–(2); LSR 1-2.  *In forma pauperis* status does not relieve an inmate of his or her obligation to pay the filing fee, it just means that the inmate can pay the fee in installments.  *See* 28 U.S.C. § 1915(b).

## II. CONCLUSION

Accordingly, for the reasons stated above,

IT IS ORDERED that, no later than **August 13, 2024**, Plaintiff must file a single, signed complaint that identifies the claims and defendants that Plaintiff intends to pursue in this action and the relief he seeks.

IT IS FURTHER ORDERED that, no later than **August 13, 2024**, Plaintiff must either pay the full $405 filing fee or file a fully complete application to proceed *in forma pauperis* with all three required documents: a completed application with the inmate's two signatures on page 3; a completed financial certificate that is signed both by the inmate and the prison or jail official; and a copy of the inmate's trust fund account statement for the previous six-month period.

IT IS FURTHER ORDERED that, if Plaintiff fails to timely comply with this order, this action will be subject to dismissal without prejudice. A dismissal without prejudice allows Plaintiff to refile the case with the Court, under a new case number, when Plaintiff can file a complaint and either pay the required filing fee or file a complete application to proceed *in forma pauperis*.

The Clerk of the Court is **INSTRUCTED** to send Plaintiff Tyrone Nunn the approved form application to proceed *in forma pauperis* for an inmate and instructions for the same and the approved form for filing a 42 U.S.C. § 1983 complaint and instructions for the same.

IT IS SO ORDERED.

DATED: June 14, 2024.

NANCY J. KOPPE
UNITED STATES MAGISTRATE JUDGE

4