UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| TYRONE NOEL NUNN,<br><br>  Plaintiff,<br><br>v.<br><br>ELY STATE PRISON, et al.,<br><br>  Defendants. | Case No. 2:24-cv-01091-GMN-NJK<br><br>**ORDER DISMISSING AND CLOSING CASE** |

Plaintiff Tyrone Noel Nunn, who is incarcerated in the custody of the Nevada Department of Corrections ("NDOC") and assigned NDOC #1252474, has filed over 80 pro se lawsuits in this district since July 2023.[1] Dozens of these lawsuits have been dismissed because Nunn failed to correct fundamental defects with them like filing a single, signed complaint and either paying the filing fee or completing an application to proceed *in forma pauperis* ("IFP"). Like many of his other lawsuits, Nunn initiated this action by filing a collection of documents that do not constitute a single, signed complaint, and he neither paid the $405 filing fee nor applied for IFP status. (ECF Nos. 1-1, 1). So, the magistrate judge ordered Nunn to correct both defects by August 13, 2024. (ECF No. 3).

Nunn responded by filing a collection of documents that appears to contain eight complaints and an IFP application. (ECF No. 4). He followed this with a document titled "in forma pauperis" that simply states "28 U.S.C. § 1915a." (ECF No. 5). Nunn complied with part of the Court's order, but he still has not filed a single, signed complaint that identifies the claims and defendants he intends to pursue in this action and the relief he seeks. For the reasons discussed below, this action is dismissed without prejudice, and Nunn is cautioned that future similarly defective actions might be dismissed as frivolous.

I. **DISCUSSION**

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case.

---

[1] The Court takes judicial notice of the online docket records of the U.S. Courts, which may be accessed by the public at: https://pacer.uscourts.gov.

*Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986).  A court may dismiss an action based on a party's failure to obey a court order or comply with local rules.  *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).  In determining whether to dismiss an action on these grounds, the Court must consider: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.  *In re Phenylpropanolamine Prod. Liab. Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting *Malone*, 833 F.2d at 130).

The first two factors, the public's interest in expeditiously resolving this litigation and the Court's interest in managing its docket, weigh in favor of dismissal of Nunn's claims.  The third factor, risk of prejudice to defendants, also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action.  *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976).  The fourth factor—the public policy favoring disposition of cases on their merits—is greatly outweighed by the factors favoring dismissal.

The fifth factor requires this Court to consider whether less drastic alternatives can be used to correct the party's failure that brought about the need to consider dismissal.  *Yourish v. Cal. Amplifier*, 191 F.3d 983, 992 (9th Cir. 1999) (explaining that considering less drastic alternatives *before* the party has disobeyed a court order does not satisfy this factor); *accord Pagtalunan v. Galaza*, 291 F.3d 639, 643 & n.4 (9th Cir. 2002).  Courts "need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives." *Henderson*, 779 F.2d at 1424.  Because this action cannot proceed without Nunn filing a single, signed complaint, and this litigation cannot progress without Nunn's compliance with the Court's orders, the only alternative is to enter a second order setting another deadline.  But Nunn has repeatedly demonstrated that he is unable or unwilling to correct fundamental defects with many of his lawsuits. *See, e.g.*, *Nunn v. Dep't of Corr.*, Case No. 3:24-cv-00050-ART-CLB, ECF No. 4 (D. Nev. Nov. 20, 2024) (collecting cases).  And this case is no exception.

Setting another deadline is not a meaningful alternative given these circumstances. So, the fifth factor favors dismissal. Having thoroughly considered these dismissal factors, the Court finds that they weigh in favor of dismissal.

## II. CONCLUSION

IT IS THEREFORE ORDERED that **THIS ACTION IS DISMISSED** without prejudice based on the plaintiff's failure to file a single, signed complaint in compliance with the Court's order. The Clerk of Court is directed to **ENTER JUDGMENT** accordingly and **CLOSE THIS CASE**. If Tyrone Nunn wishes to pursue his claims, he must file a **single, signed** complaint in a new case, and either apply for *in forma pauperis* status or pay the required filing fee for that action.

IT IS FURTHER ORDERED that the application to proceed *in forma pauperis* (ECF No. 4 at 20–32) is **DENIED as moot**.

**DATED** this 10 day of January, 2025.

_____
Gloria M. Navarro, District Judge
UNITED STATES DISTRICT COURT